**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **JEFFREY BROWNE,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | Civil Action No. 2015-cv-0018 |
| ) | |
| **BUREAU OF CORRECTIONS OF THE** ) | |
| **VIRGIN ISLANDS,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**Appearances:**
**Jeffrey Browne,** *Pro Se*
Oakwood, VA

**Ian S.A. Clement, Esq.,**
St. Thomas, U.S.V.I.
    *For Respondent*

## MEMORANDUM OPINION

THIS MATTER comes before the Court for consideration of the Report and Recommendation ("R&R") of Magistrate Judge George W. Cannon, Jr. (Dkt. No. 28), in which the Magistrate Judge recommends that Petitioner Jeffrey Browne's ("Petitioner") Motion to Grant Equitable Tolling ("Motion") (Dkt. No. 4) be denied and his "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus" ("Petition") (Dkt. No. 8) be dismissed as untimely. Petitioner filed Objections to the Magistrate Judge's R&R. (Dkt. No. 32). Having considered Petitioner's Objections (Dkt. Nos. 32; 36) and the record in this matter, the Court will adopt Magistrate Judge Cannon's R&R (Dkt. No. 28) as modified herein, deny Petitioner's Motion (Dkt. No. 4), and dismiss the Petition (Dkt. No. 8) as untimely.

## I. BACKGROUND

Petitioner was charged with two counts of first degree murder, four counts of attempted first degree murder, four counts of third degree assault, reckless endangerment, unauthorized possession of a firearm, and interference with an officer discharging his duties. *Browne v. People of the Virgin Islands*, 56 V.I. 207, 216 (V.I. 2012). A jury convicted him of all charges and the Superior Court of the Virgin Islands entered judgment on October 5, 2010. *Id.* The Virgin Islands Supreme Court affirmed the judgment of the Superior Court on February 2, 2012. *Id.* at 214. Petitioner filed a writ of certiorari to the Third Circuit, which was denied on September 12, 2012. (Dkt. No. 28 at 4).

On March 10, 2015, the Court received a letter from Petitioner dated March 2, 2015 stating that he intended to file a petition for a writ of habeas corpus and requesting equitable tolling for his petition. (Dkt. No. 1). The Motion for Equitable Tolling was filed on June 24, 2015. (Dkt. No. 4). The Petition (Dkt. No. 8) and the "Memorandum in Support of § 2254 Writ of Habeas Corpus" (Dkt. No. 9) were filed on December 14, 2015. Petitioner submitted a supplemental § 2254 Petition on April 1, 2016. (Dkt. No. 19).

Magistrate Judge Cannon subsequently issued the instant R&R, finding that the one-year statute of limitations period for the Petition had lapsed and Petitioner was not entitled to the equitable tolling and actual innocence exceptions to the limitations period. (Dkt. No. 28). Specifically, Magistrate Judge Cannon determined that the Petition should not be equitably tolled because Petitioner did not demonstrate that extraordinary circumstances prevented him from timely filing the Petition, nor did he exhibit reasonable diligence in attempting to file the Petition during the period of delay. *Id*. at 7-10. Further, Magistrate Judge Cannon found that Petitioner was not entitled to tolling of the statute of limitations under the actual innocence exception because he

did not proffer any new evidence, such as exculpatory evidence, to support his innocence. *Id*. at 10-11.

Petitioner timely filed his Objections to the R&R (Dkt. No. 32) and subsequently submitted a "Motion for Permission to File Supplemental Objection to Report & Recommendation" with attached supplemental objections (Dkt. No. 36). The Court granted Petitioner's Motion for Permission to File Supplemental Objections, and the supplemental objections were accepted by the Court. (Dkt. No. 38).

## II. DISCUSSION

Parties may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").When a party makes a timely objection, the district court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007) ("Article III requires *de novo* review of a magistrate judge's R&R where a party timely objects,") (citing *Peretz v. United States*, 501 U.S. 923 (1991)). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Petitioner's objections to the R&R are as follows: (1) the R&R was issued prior to a proper initial screening pursuant to the rules governing Section 2254 (Dkt. No. 32 at 1); (2) the R&R was issued prior to an order directing Respondent to answer the Petition, *id*. at 2; (3) the R&R states that Petitioner argued that he is actually innocent in his Form Petition but Petitioner raised that

argument in his Memorandum in Support of the Petition, *id.* at 3; (4) the R&R improperly concludes that Petitioner's Section 2254 Petition is time-barred, *id.*; (5) the R&R improperly concludes that Petitioner's Writ of Habeas Corpus should be dismissed as untimely, *id.* at 9; and (6) there was no evidentiary hearing concerning "reliable evidence not presented at trial" for purposes of the actual innocence exception to the statute of limitations (Dkt. No. 36 at 2). The Court will address each objection below.

### A. Issuance of R&R Prior to a "Proper" Initial Screening

Petitioner's First Objection is that the Report and Recommendation was "issued prior to a proper initial screening mandated by the Rules Governing Section 2254 Cases." (Dkt. No. 32 at 1). He argues that "the Magistrate Judge impermissibly made the . . . rule 4 determination required to be made by the district Judge to whom the petition was assigned." *Id.* at 1-2.

Rule 4 of the Rules Governing Section 2254 Cases discusses preliminary review of a petition and states in relevant part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Rule 10 of the Rules Governing Section 2254 Cases states that "[a] magistrate judge may perform the duties of a district judge under these rules, as authorized under 28 U.S.C. § 636."

Here, Petitioner appears to object to Magistrate Judge Cannon issuing the R&R prior to a "proper initial screening" by this Court. However, magistrate judges are authorized by Rule 10 of the Rules Governing Section 2254 Cases to conduct the Rule 4 "initial screening" of habeas petitions, and they do so routinely. *See, e.g., Rosario v. Phila. Cty.*, No. 19-6017, 2020 U.S. Dist. LEXIS 250669, at *3 (E.D. Pa. Sep. 24, 2020) (report and recommendation by magistrate judge "conduct[ing] the appropriate preliminary screening of Petitioner's present habeas petition, and

4

. . . [finding] that dismissal is appropriate"), report and recommendation adopted, No. 19-6017, 2021 U.S. Dist. LEXIS 35877 (E.D. Pa., Feb. 26, 2021); *Pozoic v. Dauphin Cty. Dist. Attorney's Office*, No. 3:11-CV-1565, 2011 U.S. Dist. LEXIS 134587, at *2-3 (M.D. Pa. Nov. 22, 2011) (adopting R&R and dismissing habeas petition when "[p]ursuant to Rule 4 of the Rules Governing Section 2254 Cases, [the magistrate judge] screened the instant habeas petition").

Accordingly, there was no error in the fact that the Rule 4 determination here was made by the Magistrate Judge. Thus, based on the Court's *de novo* review, the Court finds no reason to reject the R&R on the grounds asserted in this objection.

### B. Issuance of R&R Prior to Response from Respondent

Petitioner "objects to the R&R being issued prior to an order directing Respondent to answer Petitioner's Section 2254 Petition with respect to the Anti-Terrorism and Effective Death Penalty Act [(the "AEDPA")] statute of limitations." (Dkt. No. 32 at 2). However, Rule 4 of the Rules Governing Section 2254 Cases states that a judge must order the respondent to file an answer only "[i]f the petition is not dismissed" and the Advisory Committee Notes to Rule 4 recognize that "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." The language of Rule 4 and the Advisory Committee Notes make it clear that where it is plainly apparent from the face of the petition that the petitioner will not prevail, the petition should be dismissed without ordering the respondent to answer. *Pritchard v. Wetzel*, No. 13-5406, 2013 U.S. Dist. LEXIS 183870 (E.D. Pa. Jan. 16, 2014) (determining that an answer to the petition is unnecessary before recommending that the petition be dismissed); *Smallwood v. Meisel*, No. 13-3989, 2013 WL 6153238, at *2 (E.D. Pa. Oct. 16, 2013), report and recommendation adopted, No. 13-3989, 2013 U.S. Dist. LEXIS 165539 (E.D. Pa. Nov. 21, 2013) ("We have determined that neither a review of the original state

5

court record nor an answer to the petition by Respondent is necessary before making a recommendation that the petition be dismissed").

Petitioner cites to *Day v. McDonough*, 547 U.S. 198 (2006) for the proposition that, even if Respondent is not required to file an answer to the Petition, dismissal based on timeliness is an affirmative defense that a respondent must raise, and Magistrate Judge Cannon did not determine "whether or not respondent will forfeit or desire to make an express waiver" of that defense. (Dkt. No. 32 at 2-3). However, *Day* does not support Petitioner's position. The Supreme Court in *Day* addressed the question of "whether a district court may dismiss a federal habeas petition as untimely under AEDPA, despite the State's failure to raise the one-year limitation in its answer to the petition." 547 U.S. at 205. In discussing the issue, the Court noted—and Petitioner cites in his brief (Dkt. No. 32 at 7)—that "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." 547 U.S. at 209. Further, the Court stated that "the federal court had discretion . . . to dismiss the petition as untimely under AEDPA's one-year limitation" despite no assertion or intelligent waiver of the defense of timeliness by the State. 547 U.S. at 202. Indeed, many courts within the Third Circuit have dismissed habeas petitions—upon an initial screening and without an answer by the respondent—due to timeliness issues. *See, e.g., Young v. Clearfield Cnty. Commonwealth of Pleas*, No. 08-5J, 2008 U.S. Dist. LEXIS 29830 (W.D. Pa. Apr. 11, 2008) (overruling objections and adopting report and recommendation that habeas petition be dismissed without an answer from respondent because the petition was time-barred); *Strohl v. Superintendent of SCI Cambridge Springs*, No. 12-1595, 2012 U.S. Dist. LEXIS 157706, (E.D. Pa. Apr. 24, 2012), report and recommendation adopted, No. 12-1595, 2012 U.S. Dist. LEXIS 156493 (E.D. Pa. Oct. 31, 2012) (summarily dismissing pro se habeas petition that was plainly time-barred); *Miller v. Souther*, No. 12-1063, 2012 U.S. Dist. LEXIS 148043 (E.D.

Pa. Mar. 27, 2012), report and recommendation adopted, No. 12-1063, 2012 U.S. Dist. LEXIS 147014 (E.D. Pa. Oct. 12, 2012) (same). Accordingly, the Court finds, based on its *de novo* review, that Magistrate Judge Cannon did not err in issuing the R&R without ordering Respondent to file an answer to the Petition.

### C. Citation to Petitioner's Argument of Actual Innocence

Petitioner objects to the R&R on the basis that it cites to Petitioner's argument that "he is actually innocent" as being in the Form Petition (Dkt. No. 8) rather than in the Memorandum in Support of the Petition (Dkt. No. 9). (Dkt. No. 32 at 3). This distinction is inconsequential and does not serve as grounds for rejecting the R&R.

### D. Timeliness

Petitioner objects to the R&R's conclusion that the Petition does not meet the requirements for the equitable tolling or actual innocence exceptions to the statute of limitations for habeas petitions. (Dkt. No. 32 at 3-8). Petitioner argues that a "habeas petitioner asserting a claim of actual innocence as an equitable exception to the bar of AEDPA's statute of limitations has no obligation to establish his entitlement to equitable tolling" and that "the Magistrate Judge impermissibly conflates the [equitable tolling] standard . . . with the actual innocence standard." *Id*. at 4. Petitioner also argues that in Magistrate Judge Cannon's analysis of whether the actual innocence exception applies here, he failed to state that the standard requires a petitioner to show that it is "more likely than not" that no reasonable juror would have convicted him in light of the new evidence. *Id*. at 6. Petitioner claims that because Magistrate Judge Cannon did not include the "more likely than not" language in his restatement of the actual innocence standard, the Magistrate Judge applied a stricter standard for the exception than is required by law. *Id*.

7

Petitioner also objects to the R&R to the extent that it "rests upon the Report's Erroneous finding that Petitioner had not proffered any new reliable evidence to support Petitioner's claim of actual innocence." (Dkt. No. 32 at 9). Petitioner does not specify to what "new reliable evidence" he refers, but discusses in his Supplemental Objection to the Report & Recommendations details of impeachment evidence against one of the prosecution's witnesses that was not presented to the jury. (Dkt. No. 36 at 2-7). He requests "[a]n Evidentiary Hearing of the reliable evidence not presented at trial." *Id*. at 7.

Applying *de novo* review, the Court finds that Petitioner is not entitled to the equitable tolling or actual innocence exceptions to the statute of limitations for habeas petitions. The Court will address each of these exceptions accordingly.

### 1. AEDPA Statute of Limitations

The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

While the term "direct review" is not defined in § 2244(d)(1)(A), it is axiomatic that direct review of a state court criminal judgment includes the right to seek certiorari review in the United

States Supreme Court. *Kapral v. United States*, 166 F.3d 565, 575 (3d Cir. 1999). However, up until 2012, the Third Circuit held certiorari jurisdiction under 48 U.S.C. § 1613 to review final decisions of the Virgin Islands Supreme Court and submitted reports to Congress on whether "the Supreme Court of the Virgin Islands ha[d] developed sufficient institutional traditions to justify direct review by the Supreme Court of the United States." *Vooys v. Bentley*, 901 F.3d 172, 183 (3d Cir. 2018); *United States ex rel. Nissman v. Southland Gaming of the V.I., Inc.*, 182 F. Supp. 3d 297, 310 n.21 (D.V.I. 2016) (citing *In re Kendall*, 712 F.3d 814, 821 n. 3 (3d Cir. 2013)). The Third Circuit retained jurisdiction over petitions for certiorari from final decisions of the Virgin Islands Supreme Court that were filed before December 28, 2012. *See Vooys*, 901 F.3d at 175.[1]

Here, a jury convicted Petitioner of all charges and the Superior Court of the Virgin Islands entered judgment on October 5, 2010. *Browne v. People of the V.I.*, 56 V.I. 207, 216 (2012). The Virgin Islands Supreme Court affirmed the judgment of the Superior Court on February 2, 2012. *Id.* at 243. Petitioner filed a petition for a writ of certiorari to the Third Circuit, which was denied on September 19, 2012. Order, *Brown v. People of the Virgin Islands,* C.A. No. 12-2453 (3d Cir. September 19, 2012). Petitioner's judgment, therefore, became final on September 19, 2012 when the Third Circuit denied Petitioner's petition for a writ of certiorari, and AEDPA's 1-year period of limitation for Petitioner to file a habeas petition expired on September 19, 2013. Petitioner notified the Court of his intent to file a habeas petition by letter dated March 2, 2015, nearly a year and a half after it was due, and filed the Petition on December 14, 2015, over two years after it was due. Accordingly, the Petition is untimely under 28 U.S.C. § 2244(d)(1).

---

[1] On December 13, 2012, the House of Representatives and the Senate passed H.R. 6116, a bill that eliminated the Third Circuit's appellate jurisdiction over the Virgin Islands Supreme Court for certiorari petitions filed on or after December 28, 2012, and replaced it with direct review by the Supreme Court of the United States. *See Kendall v. Daily News*, 716 F.3d 82, 86 (3d Cir. 2013); *see also Vooys*, 901 F.3d at 175.

### 2. Equitable Tolling Exception

The Third Circuit Court of Appeals has held that the AEDPA statute of limitations is subject to the doctrine of equitable tolling. *Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003). Equitable tolling is a judicially crafted exception to the AEDPA statute of limitations to ensure fairness in extraordinary circumstances and is available "only when the principle of equity would make the rigid application of a limitation period unfair." *Id.*; *Munchinski v. Wilson*, 694 F.3d 308, 329 (3d Cir. 2012). Thus, equitable tolling should be used "sparingly." *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Extraordinary circumstances have been found where: (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, *see Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999), or (4) the court has misled a party regarding the steps that the party must take to preserve a claim, *see Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). Even where extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003). If a habeas petition is time-barred under AEDPA, and equitable tolling does not apply, a court must dismiss the petition. *Pace v. Vaughn*, 71 F. App'x 127, 129 (3d Cir. 2003).

### i. Extraordinary Circumstances

Petitioner claims that he "has been prevented from attaining legal material" to properly prepare a habeas petition after being transferred to a security facility managed by the Virginia Department of Corrections. (Dkt. No. 4 at 1-3). He states that "no one employed [at the law library] knows how to access the Virgin Islands Code" (Dkt. No. 1-1 at 1), and that neither the "Bureau of Corrections nor Department of Justice of the U.S. Virgin Islands has[] taken the necessary step to simply provide legal research material pertaining to the Virgin Islands and the Federal Courts within the Third Circuit . . . ." (Dkt. No. 4 at 2-3). Petitioner further states that he is an "ex-law enforcement officer housed in protective custody out of state," and there are "no available resources for Virgin Islands inmates being housed in protective custody units." (Dkt. No. 8 at 13-14).

However, "the mere fact that the prison law library is inadequate, standing alone, . . . does not serve to establish extraordinary circumstances necessary to invoke equitable tolling." *Wilson v. Sweeney*, No. 11-1201, 2014 U.S. Dist. LEXIS 23036 (D.N.J. Feb. 24, 2014). Rather, a petitioner must show that the law library was inadequate and this inadequacy actually prevented him from timely filing his habeas petition. *Spencer v. Magrady*, No. 10-703, 2010 WL 5830500, *7 (E.D. Pa. Dec. 1, 2010) (holding that a petitioner "must show that the alleged shortcomings in the library or legal assistance program actually hindered his efforts to pursue a legal claim.").

Petitioner's argument is devoid of the kind of showing necessary to support a finding of extraordinary circumstances. Specifically, Petitioner does not explain how the alleged inadequacies of the law library actually prevented him from timely filing a petition. *See, e.g., Crawford v. Bickell*, No. 11-5773, 2012 U.S. Dist. LEXIS 185429, at *26-28 (E.D. Pa. Nov. 28, 2012) (petitioner failed to demonstrate that being without access to materials on Pennsylvania law

11

while incarcerated in Michigan was an extraordinary circumstance because he failed to describe how it prevented him from timely filing his petition); *Coker v. United States*, No. 13-0349, 2016 U.S. Dist. LEXIS 8673, at *15 (D.N.J. Jan. 26, 2016) (lack of access to law library with materials on federal criminal law during transfer to state court custody was not an extraordinary circumstance where petitioner "does not explain how the deprivation of these materials prevented him from filing his Motion or seeking an extension."); *Lucero v. Suthers*, 16 F. App'x 964, 965 (10th Cir. 2001) (petitioner's lack of access to Colorado legal materials while he was incarcerated in Texas was not an extraordinary circumstances because he was "unspecific about either the lack of access or how it affected his ability to file a timely petition"). Petitioner likewise is unspecific about the period of time that he spent in protective custody, including how it deprived him of access to legal materials in a way that is distinguishable from the access of other inmates and how those restrictions actually prevented him from filing a petition within the limitations period. *Savage v. United States*, Civil Action No. 15-8100, 2016 WL 4260786 at *4 (D.N.J. Aug. 10, 2016) (petitioner transferred to a special housing unit was not entitled to equitable tolling where he "failed to provide any facts specifying when he was transferred, how long he has been in the Special Housing Unit" or how this placement "actually interfered with his access to the law library").

In view of the foregoing, Petitioner has failed to meet his burden of establishing that his alleged inability to access legal materials constitutes extraordinary circumstances that prevented him from filing a timely petition. Accordingly, he is not entitled to equitable tolling.

### ii. Reasonable Diligence

Even if Petitioner were able to show that extraordinary circumstances prevented him from timely filing the Petition, he must also demonstrate that he exercised reasonable diligence to file

12

the Petition during the period of delay. In *Holland v. Florida*, 560 U.S. 631, 649 (2010), the Supreme Court explained that "[t]he diligence required for equitable tolling purposes is reasonable diligence, . . . not maximum feasible diligence," and is assessed subjectively, in light of the particular circumstances of the case. The *Holland* court determined that a petitioner acted with reasonable diligence where he "not only wrote his attorney numerous letters seeking crucial information and providing direction[,] [but] also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have [his counsel]—the central impediment to the pursuit of his legal remedy—removed from his case"). *Id.* at 653; *see also Ross v. Varano*, 712 F.3d 784 (3d Cir. 2013) (determining that petitioner exhibited reasonable diligence where he "regularly and repeatedly . . . attempted to pursue his appeal through letters and phone calls to his attorney and to the courts," but was misled as to the status of his appeal by his attorney and by the trial court).

Here, noticeably absent from the record is any activity taken by Petitioner during the two-and-a-half-year period between when his judgment became final and the filing of the Petition to demonstrate that he diligently pursued its submission. The exhibits that Petitioner has filed, including an October 26, 2015 request from Petitioner to the prison law library for legal materials on Virgin Islands law (Dkt. No. 8, Ex. 2), do not suffice to show reasonable diligence because Petitioner's October 26, 2015 request was well after the September 19, 2013 deadline for filing the Petition. Petitioner also provides no information as to how he attempted to obtain legal material, including who he petitioned for assistance, when he made those petitions, or what kind of material he requested. This period of inactivity demonstrates that Petitioner did not exercise the requisite diligence to be entitled to equitable tolling. *See Lyles v. Lane*, Civil Action NO. 16-4801, 2017 WL 2981347 at *5 (E.D. Pa. Feb. 23, 2017), report and recommendation adopted, Civil

Action NO. 16-4801, 2017 WL 2972750 (E.D. Pa. July 12, 2017) (finding that petitioner did not demonstrate adequate diligence in filing his habeas petition where "he waited approximately one year without contacting his attorney before he spoke with a law librarian at the prison . . . . [He] offers no reason as to why he made no inquires with his counsel regarding the status of his appeal at any point over the course of a year").

Under the circumstances, even if Petitioner were able to establish that he experienced extraordinary circumstances that prevented him from timely filing the Petition, his inability to demonstrate that he acted with reasonable diligence in filing the Petition renders the equitable tolling argument unavailing.

### E. Actual Innocence Exception

The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass [when] the impediment is . . . the expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *Calderon v. Thompson*, 523 U.S. 538, 559 (1998). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327. The limited applicability of this exception is underscored by the Supreme Court's explicit observation that "tenable actual-innocence gateway pleas are rare." *McQuiggin*, 569 U.S. at 411.

Here, Petitioner raises an evidentiary defect in his trial, which he claims "qualif[ies] to demonstrate his entitlement to equitable exception as a result of actual innocence." (Dkt. No. 36

14

at 2). During Petitioner's trial, the Government called a witness who testified that while he was incarcerated with Petitioner, Petitioner confessed to him that he committed the crimes for which he was ultimately convicted. *Id*. at 2-6. Petitioner alleges that the witness agreed to testify because the Government offered him a plea deal, but on cross examination the witness stated that he did not have an agreement with the Government for favorable treatment in exchange for his testimony. (Dkt. No. 9, Ex. R at 24).

Petitioner sought to call the witness' attorney to testify that the witness had indeed negotiated with the prosecution for favorable treatment in exchange for testifying against Petitioner. *Id.* at 44-46. According to Petitioner, the trial court denied his request to call the witness' attorney to testify in part because Petitioner had failed to disclose the attorney as a witness prior to trial so her name could be announced to jurors during jury selection, and because compelling testimony from the attorney would violate the attorney-client privilege. *Id*. at 24-29.

Petitioner argues that "[t]he Crux of the Prosecution's case [relied] solely on this so-called Confession of Petitioner's." (Dkt. No. 36 at 4). He claims that testimony revealing the witness' agreement with prosecutors was "exculpatory material to establish Petitioner's actual innocence," (Dkt. No. 9 at 45), and had it "been presented to the jury, it would have put the testimony or case in a substantially different light, both directly, by casting doubt on the accuracy of [the testimony] and calling into question the Prosecutor's entire case" (Dkt. No. 36 at 5). Ultimately, Petitioner claims that a jury presented with this impeachment evidence would not have found him guilty. (Dkt. No. 9 at 45).

Petitioner objects to the R&R because it "makes no reference to Petitioner's . . . [identification of] new evidence in support of actual innocence" and objects to the R&R "[t]o the extent that said Recommendation rests upon the Report's Erroneous finding that Petitioner had not

proffered any new reliable evidence to support Petitioner's claim of actual innocence." (Dkt. No. 32 at 9).

It is well established that impeachment evidence generally does not satisfy the requirement for "new reliable evidence" under the actual innocence standard. *See Reeves v. Sci*, 897 F.3d 154, 161 (3d Cir. 2018) (stating that mere impeachment evidence is generally not sufficient to show it is more likely than not that no reasonable juror would convict the petitioner); *see also Burton v. Horn*, 617 F. App'x 196, 199 (3d Cir. 2015) ("As we have held, mere impeachment evidence is generally not sufficient to satisfy the *Schlup* standard."); *Woods v. Brennan*, No. 99-5240, 2001 U.S. Dist. LEXIS 18513, at *11-13 (E.D. Pa. Nov. 9, 2001) (stating that impeachment evidence "does not establish actual innocence for habeas purposes"); *Scott v. Zappala*, Civil Action No. 2:19-cv-551, 2021 U.S. Dist. LEXIS 200822, at *38-39 (W.D. Pa. Oct. 19, 2021) (impeachment evidence "does not qualify as the type of evidence of actual innocence sufficient to allow review of [] time-barred [habeas petition] claims"). In this regard, the Third Circuit decision in *Munchinski*—upon which Petitioner relies—is distinguishable. In *Munchinski*, the Third Circuit affirmed the granting of a habeas petition where the petitioner discovered years after conviction that prosecutors had committed multiple *Brady* violations by withholding almost a dozen articles of exculpatory evidence. 694 F.3d at 335-36. However, the Court distinguished the exculpatory evidence at issue there from "mere impeachment evidence [which] is generally not sufficient to show actual innocence." *Id*. (citing *Keith v. Bobby*, 551 F.3d 555, 558 (6th Cir. 2009) (differentiating between habeas petitions premised on impeachment evidence, and petitions based on "new evidence that . . . directly contradicted the government's case in chief")). Here, the proffered evidence is impeachment—not exculpatory—evidence, and is therefore not the type of evidence necessary to meet the actual innocence exception.

Moreover, even assuming that this impeachment evidence could somehow qualify as "new reliable evidence" for purposes of the actual innocence exception, Petitioner must still "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327.[2] This, he cannot show. Indeed, as the Virgin Islands Supreme Court observed, there was overwhelming evidence of Petitioner's guilt. (Dkt. No. 9, Ex. R at 31). Several eye witnesses identified Petitioner as the shooter and identified his car as the vehicle used to perpetrate the crime. *Id*. Further, investigators found a shell casing matching the shell casings left at the scene of the crime in the back of Petitioner's car. *Id*. In light of these circumstances, this Court cannot conclude—even with the alleged impeachment evidence against the witness who testified about Petitioner's confession—that it is more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt. Accordingly, Petitioner has not demonstrated that he meets the standard to warrant the application of the actual innocence exception to the statute of limitations.[3]

---

[2] Petitioner argues that in the R&R, Magistrate Judge Cannon did not include the "more likely than not" language articulated in *Schlup v. Delo*, 513 U.S. 298, 324 (1995) in his analysis of the actual innocence exception. (Dkt. No. 32 at 6). Petitioner argues that "to the extent the Magistrate Judge relied upon [a standard] absent the 'more likely than not' showing, the Magistrate Judge's said conclusion rests upon a showing stronger than that mandated by law." *Id*. Even assuming that the Magistrate Judge erred in not identifying the legal standard that he used, this Court has applied a *de novo* review of whether Petitioner is entitled to the actual innocence exception under the "more likely than not" standard articulated in *Schlup* and finds that he is not.

[3] Petitioner states in his Supplemental Objection to Report & Recommendation that he objects on the basis that "No Evidentiary Hearing was[] held concerning 'reliable evidence not presented at trial.'" (Dkt. No. 36 at 2, quoting Dkt. No. 28 at 10). The Court finds that there was a sufficient factual record upon which to adjudicate the issue of actual innocence, and an evidentiary hearing was therefore unnecessary. *See United States v. Padilla-Castro*, 426 F. App'x 60, 63 (3d Cir. 2011) ("A hearing is unnecessary when 'files and records of the case conclusively show that the prisoner is entitled to no relief.'") (quoting 28 U.S.C. § 2255(b)); *see also In re Lease-A-Fleet*, 1995 U.S. Dist. LEXIS 18607, *17-19 (E.D.Pa.1995) (holding that, where the court has an adequate factual record before it, an evidentiary hearing is unnecessary).

### F. Fair Opportunity to Present Positions

Petitioner argues that "[p]rior to the issuance of the R&R, the Court failed to comply with the due process procedure mandated by *Day v. McDonough* that requires that 'before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions.'" (Dkt. No. 32 at 2-3) (quoting *Day*, 547 U.S. at 210). In this regard, the Third Circuit has stated that "[w]hile a District Court possesses the authority to raise AEDPA's statute of limitations *sua sponte*, a habeas petitioner must first be afforded fair notice and an opportunity to be heard on the issue of timeliness and equitable tolling." *Nixon v. Beard*, 361 Fed. App'x 304, 305-306 (3d Cir. 2010) (citing *Day,* 547 U.S. at 209-10). In *Day*, the court observed that the magistrate judge recommended dismissal of the petition only "[a]fter affording the petitioner an opportunity to show cause why the petition should not be dismissed for failure to meet the statutory deadline, and finding petitioner's responses inadequate." *Id*. at 202.

The Court finds that Petitioner has had ample opportunity to explain why the Petition should not be dismissed on timeliness grounds. First, Petitioner filed several motions, supplements, and orders with substantive arguments regarding the timeliness of his Petition prior to Magistrate Judge Cannon's issuance of the R&R. (Dkt. Nos. 1, 4, 6, 8, 9, 10, 19). Petitioner has repeatedly stated that he has had difficulty with accessing legal materials. *See, e.g.,* (Dkt. No. 1-1 at 1) ("my ability to access the Court properly is impaired because no one employed knows how to access the Virgin Islands Code . . . [and] because of this state impediment I'm unable to file my writ of Habeas Corpus on time,"); *see also* (Dkt. No. 1, Exhibit 3 at 1-3) ("Due to the extreme levels of impediments Petitioner has been legally impaired in violation of his First, Sixth, and Fourteenth Amendment[] [rights under] the U.S. Constitution. The Impediment has created a jurisdictional defect to filing in a timely manner therefore the time to file in this Honorable Court should be

18

Equitabl[y] Tolled"); (Dkt. No. 8 at 13-14) ("The Commonwealth of Virginia for the Department of Corrections acknowledges the lack of legal materials, and no available resources for Virgin Islands inmates being housed in protective custody units").

Petitioner likewise raised several arguments regarding the actual innocence exception prior to the issuance of the R&R. *See, e.g.,* (Dkt. No. 9 at 44-45) ("Had the trial court allowed the defense to call [the witness' attorney] as a rebuttal witness, she would have testified to facts contrary to [the witness]. . . . [The witness' attorney's] rebuttal testimony was exculpatory material to establish Petitioner's actual innocence."); (Dkt. No. 19 at 2-3) (describing the "[f]ailure to correct false testimony of [witness] at trial in violation of the Fourteenth Amendment"). Then, following the issuance of the R&R, Petitioner filed additional briefs challenging the Magistrate Judge's conclusions and further presenting his positions. (Dkt. Nos. 32, 36).

In view of the foregoing, the Court finds that Petitioner has had fair notice and opportunity to present his arguments as required by *Day*.

### III. CONCLUSION

Having considered all of the foregoing, the Court finds that the Petition for Habeas Corpus was untimely, Petitioner failed to meet the standards for tolling the statute of limitations, and Petitioner's other arguments also lack merit. Accordingly, the Court will adopt Magistrate Judge Cannon's R&R (Dkt. No. 28) as modified herein, deny Petitioner's Motion to Grant Equitable Tolling (Dkt. No. 4), and deny the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Dkt. No. 8) as untimely.

An appropriate Order accompanies this Memorandum Opinion.

Date:   February 9, 2023                            _____/s/_____
                                                    WILMA A. LEWIS
                                                    District Judge